IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CARLOS TAYLOR, JR.,
      Plaintiff,

vs.                                    Case No: 5:07cv87/SPM/EMT

FLORIDA DEP'T OF CORRECTIONS,
      Defendant.
_____/

## REPORT AND RECOMMENDATION

      This cause is before the court on Plaintiff's amended pro se civil rights complaint filed pursuant to 42 U.S.C. § 1983 (Doc. 9).  The filing fee has been paid.

      Plaintiff, a former inmate of Defendant Florida Department of Corrections (DOC), initiated this action by filing a complaint under § 1983 in which he claimed that the DOC violated Florida law by failing to properly calculate his sentence, which resulted in his being released on October 17, 2001, instead of October 17, 1999 (*see* Doc. 1 at 3).  Plaintiff sought a declaratory judgment and monetary damages (*id*. at 4).  From a cursory review of the complaint, it appeared that Plaintiff failed to state a jurisdictional basis for his claim, as he did not allege a violation of federal law; therefore, the court afforded Plaintiff an opportunity to clarify his allegations in an amended complaint and advised Plaintiff that to bring an action under § 1983, he must allege that the DOC's conduct deprived him of rights secured by the Constitution or federal laws (*see* Doc. 8 at 3).

Plaintiff has now filed an amended complaint under § 1983; however, he again does not allege that the DOC's conduct violated the Constitution or federal law; rather, he claims that the DOC violated Florida Statutes sections 944.096(3), 944.023(5, 6(a)), and 944.275 (Doc. 9 at 3).[1]

---

[1]Section 944.096(3) provides:

In the event the inmate population exceeds the total capacity of the residential facilities provided by the Legislature pursuant to this section, the control release procedures as defined in s. 947.146 shall apply.

Fla. Stat. § 944.096(3).

Section 944.023 provides, in relevant part:

(5)  The comprehensive correctional master plan shall project by year the total operating and capital outlay costs necessary for constructing a sufficient number of prison beds to avoid a deficiency in prison beds.  Included in the master plan which projects operating and capital outlay costs shall be a siting plan which shall assess, rank, and designate appropriate sites pursuant to s. 944.095(2)(a)–(k). [FN1]  The master plan shall include an assessment of the department's current capability for providing the degree of security necessary to ensure public safety and should reflect the levels of security needed for the forecasted admissions of various types of offenders based upon sentence lengths and severity of offenses.  The plan shall also provide construction options for targeting violent and habitual offenders for incarceration while providing specific alternatives for the various categories of lesser offenders.

(6) Institutions within the state correctional system shall have the following design capacity factors:

(a) Rooms and prison cells between 40 square feet and 90 square feet, inclusive:  one inmate per room or prison cell.

Fla. Stat. § 944.023(5, 6(a)) (footnote omitted).

Section 944.275 provides, in relevant part:

(1) The department is authorized to grant deductions from sentences in the form of gain-time in order to encourage satisfactory prisoner behavior, to provide incentive for prisoners to participate in productive activities, and to reward prisoners who perform outstanding deeds or services.
. . . .
(4)(a) As a means of encouraging satisfactory behavior, the department shall grant basic gain-time at the rate of 10 days for each month of each sentence imposed on a prisoner, subject to the following:

1. Portions of any sentences to be served concurrently shall be treated as a single sentence when determining basic gain-time.

2. Basic gain-time for a partial month shall be prorated on the basis of a 30- day month.

3. When a prisoner receives a new maximum sentence expiration date because of additional sentences imposed, basic gain-time shall be granted for the amount of time the maximum sentence expiration date was extended.

"In a given case, a federal district court must have at least one of three types of subject matter jurisdiction:  (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)."  Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).  A district court may address its lack of subject matter jurisdiction in two ways.  Fed. R. Civ. P. 12(b)(1); Lovern v. Edwards, 190 F.3d 648, 653 (4th Cir. 1999). The court may find insufficient allegations in the pleading, viewing the alleged facts in the light most favorable to the plaintiff, similar to an evaluation pursuant to Rule 12(b)(6).  Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982).  Alternatively, after an evidentiary hearing, the court may weigh the evidence in determining whether the facts support the jurisdictional allegations.  Id.

"It is elementary that the burden is on the party asserting jurisdiction to demonstrate that jurisdiction does, in fact, exist."  Lovern, 190 F.3d at 654 (citing Thomson v. Gaskill, 315 U.S. 442, 446, 62 S. Ct. 673, 86 L. Ed. 951 (1942)).  The mere assertion of a federal claim is not sufficient to obtain jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3).  See, e.g., Bell v. Hood, 327 U.S. 678, 682–83, 66 S. Ct. 773, 776, 90 L. Ed. 939 (1946) (recognizing propriety of dismissal for want of jurisdiction in cases "where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous").  The Supreme Court "has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly unsubstantial, or no longer open to discussion."  Hagans v. Lavine, 415 U.S. 528, 536–37, 94 S. Ct. 1372, 1378–79, 39 L. Ed. 2d 577 (1974) (citations and quotations omitted); see also Baker v. Carr, 369 U.S. 186, 199, 82 S. Ct. 691, 7 L. Ed. 2d 663 (1962) (if jurisdiction is based on a federal question, the plaintiff must show that he has alleged a claim under federal law and that the claim is not frivolous).  In Hagans, the Supreme Court noted:  "Over the years this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit, wholly

---

Fla. Stat. § 944.275(1, 4(a)).

insubstantial, obviously frivolous, plainly insubstantial, or no longer open to discussion."' <u>Hagans</u>, 415 U.S. at 536–37 (citations omitted). While emphasizing that this insubstantiality threshold is a difficult one to meet, the Court concluded that the substantiality doctrine "remains the federal rule and needs no reexamination." <u>Hagans</u>, 415 U.S. at 538. Under this standard, "federal subject matter jurisdiction exists where the right of the petitioners to recover under their complaint will be sustained if the Constitution and laws of the United States are given one construction and will be defeated if they are given another." <u>Barnett v. Bailey</u>, 956 F.2d 1036, 1041 (11th Cri. 1992) (quotations omitted). "Dismissal for want of jurisdiction is appropriate only if the federal claim is frivolous or a mere matter of form." <u>Davis v. Cluet, Peabody & Co.</u>, 667 F.2d 1371, 1373 n. 7 (11th Cir. 1982) (quotations omitted). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." <u>See</u> <u>Neitzke v. Williams</u>, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989); <em>see also</em> <u>Denton v. Hernandez</u>, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992) (dismissal on the basis of frivolity should only be ordered when the legal theories are "indisputably meritless" or when the claims rely on factual allegations that are "clearly baseless") (quoting <u>Neitzke</u>).

Rule 8(a)(1) of the Federal Rules of Civil Procedure provides in pertinent part that a pleading shall contain a short, plain statement of the grounds upon which the court's jurisdiction depends.

In the instant case, Plaintiff brought this action under 42 U.S.C. § 1983; however, his pleadings do not contain factual allegations showing that he may proceed under this statute. As Plaintiff was previously advised, in any § 1983 action, the initial inquiry must focus on whether two essential elements are present, (1) that the plaintiff was deprived of a federal right and (2) that the deprivation was caused by a person acting under color of state law. <u>Parratt v. Taylor</u>, 451 U.S. 527, 535, 101 S. Ct. 1908, 1912, 68 L. Ed. 2d 420, 428 (1981), <em>overruled on other grounds</em>, <u>Daniels v. Williams</u>, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed.2 d 662 (1986); <u>Griffin v. City of Opa-Locka</u>, 261 F.3d 1295, 1303 (11th Cir. 2001); <u>Duke v. Cleland</u>, 5 F.3d 1399, 1403 (11th Cir. 1993) (citing <u>Parratt</u>). In Plaintiff's amended complaint, he alleges that the DOC violated only state law; he does not allege any violation of the Constitution or federal law. Therefore, this court does not have jurisdiction under § 1983.

Furthermore, even if the court liberally construed Plaintiff's complaint as including a claim that the DOC's detaining him beyond his release date constituted cruel and unusual punishment under the Eighth Amendment or violated his due process rights guaranteed by Fourteenth Amendment, this court is without power to entertain the claim because it appears beyond a doubt from the complaint itself that the statute of limitations has expired; therefore, the claim is frivolous. *See* Clark v. Ga. Pardons and Paroles Bd., 915 F.2d 636, 641 n.2 (11th Cir. 1990) (the expiration of the statutes of limitations warrants dismissing a complaint as frivolous).

As Plaintiff was previously advised, because § 1983 does not contain a specific statute of limitations, § 1988 directs courts to select and apply the most appropriate or analogous state statute of limitations.  The Supreme Court has further stated that courts should select the statute of limitations in each state that applies to tort actions for the recovery of damages for personal injury. Wilson v. Garcia, 471 U.S. 261, 276 (1985).  Further, the Court stated that the statute, once selected, should govern all § 1983 actions arising in that state.  *Id.* at 275; *see also* Jones v. Preuit & Mauldin, 763 F.2d 1250,1252 (11th Cir. 1985) (citations omitted).  The applicable statute of limitations in Florida is four (4) years.  Baker v. Gulf & Western Industries, 850 F.2d 1480, 1481 (11th Cir. 1988); Grace v. Wainwright, 761 F. Supp. 1520 (M.D. Fla. 1991); *see* Fla. Stat. § 95.11(3) (1991). Although the court applies Florida law in this regard, federal law determines the date on which the statute begins to run.  Brown v. Georgia Bd. of Pardons & Paroles, 335 F.3d 1259, 1261 (11th Cir. 2003).  The Eleventh Circuit has held that the statute of limitations begins to run from the date "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights."  *Id.* (citation omitted).

In the instant case, the DOC's alleged detention of Plaintiff beyond his legal release date of October 17, 1999, occurred more than four years before the instant complaint was filed on April 27, 2007.  Even if the statute of limitations did not begin to run until October 17, 2001, the date Plaintiff was actually released, he filed his complaint on April 27, 2007, over five years after that date. Plaintiff was previously advised of the statute of limitations issue (*see* Doc. 8 at 3–4), yet he failed to allege facts in his amended complaint that would avoid a statute of limitations bar, for example, facts that would support tolling the statute of limitations.  Because Plaintiff's claim, even liberally

construed, is frivolous, this court is without jurisdiction to entertain this action.  *See* <u>Cotton v.</u>
<u>Burgess</u>, No. 06-11308, 188 Fed. Appx. 964  (11th Cir. 2006).

Accordingly, it is respectfully **RECOMMENDED**:

That this case be **DISMISSED** for lack of subject matter jurisdiction.

At Pensacola, Florida, this <u>27</u><sup>th</sup> day of June 2007.


*/s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


<u>**NOTICE TO THE PARTIES**</u>

**Any objections to these proposed findings and recommendations must be filed within ten (10) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**